IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELISABETH A. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1103-D |
| | ) | |
| STATE OF OKLAHOMA *ex rel.* | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CONSUMER CREDIT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court are Defendant State of Oklahoma's Motion to Dismiss [Doc.
No. 7] and Defendants Lesher, S'Renco and Todd's Motion to Dismiss [Doc. No. 6], filed
pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).[1] The Motions primarily challenge the
sufficiency of Plaintiff's pleading to state: race discrimination claims under Title VII of
the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* (Count I) and 42 U.S.C.
§ 1981 (Count II); an age discrimination claim under Oklahoma's Anti-Discrimination Act
("OADA"), Okla. Stat. tit. 25, § 1301 *et seq.* (Count III);[2] and tort claims of interference
with a contractual relationship and with prospective economic advantage (Counts IV

---

[1] Defendants also moved for dismissal due to insufficient service of process pursuant to
Fed. R. Civ. P. 12(b)(5). Plaintiff subsequently perfected service, and Defendants concede this
aspect of their Motions is moot. *See* Defs.' Reply Br. [Doc. No. 19] at 7; Def. State's Reply Br.
[Doc. No. 20] at 5.

[2] Plaintiff refers to the statute in her pleading as the "ODEA" and in her briefs as the
"Oklahoma Discrimination in Employment Act." *See* Pet. [Doc. No. 1-2], ¶¶ 31-33; Pl.'s Resp.
Br. [Doc. No. 18] at 8-9. The Court utilizes a more commonly used name for the statute.

and V).  Defendants also raise issues regarding sovereign immunity from suit under Oklahoma's Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq.*; and qualified immunity of individuals under federal law.  Plaintiff has filed responses [Doc. Nos. 17 & 18] in opposition to the Motions, and Defendants have replied [Doc. Nos. 19 & 20].  The Motions are fully briefed and at issue.

## Factual and Procedural Background

Plaintiff is a former employee of Defendant Oklahoma Department of Consumer Credit (the "Department") who is Native American and over 40 years of age.  She claims the Department terminated her employment on June 23, 2015, based on her race and age. Plaintiff alleges that the termination decision was made by Defendants Scott Lesher (executive director of the Department), Vanessa Todd (regional manager), and Drew S'Renco (chief examiner).  As pertinent to the Motions, Plaintiff alleges that Mr. Lesher used racial slurs regarding Native American and Hispanic employees, made ageist remarks, and selected younger individuals to replace employees over 40 years of age.  Plaintiff alleges that Ms. Todd treated older, Native American employees less favorably than younger, non-Native American ones and that Mr. S'Renco terminated Plaintiff without warning after assuring her that she was doing well and her performance was satisfactory. Plaintiff also provides facts to establish her exhaustion of administrative remedies with the EEOC, her compliance with the GTCA's notice requirements, and her timely suit following the receipt of an EEOC notice of a right to sue and the denial of her tort claim.

## Standard of Decision

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). In this case, Defendants challenge only the sufficiency of Plaintiff's factual allegations to overcome sovereign immunity.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing plausibility, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

## Discussion

### A.     Sovereign Immunity

Defendants contend Plaintiff can bring her state law claims against them only to the extent the GTCA waives the Department's sovereign immunity from suit and permits

individual employees to be sued. The GTCA authorizes a suit against the State or its departments based on conduct of employees "acting within the scope of their employment," that is, "in good faith within the duties of the employee's office or employment." Okla. Stat. tit. 51, §§ 152(12), 153(A). The Department contends Plaintiff's age discrimination claim requires a finding that the employees who terminated Plaintiff engaged in unlawful discrimination, and necessarily precludes a finding that they acted in good faith. The Department provides no legal authority for this novel argument but, instead, relies on case law concerning torts that require proof of an element that excludes good faith conduct, such as malicious prosecution, fraud, and intentional infliction of emotional distress. *See* Def. State's Mot. [Doc. No. 7] at 10-11. The Department does not identify any element of an age discrimination claim that necessarily is inconsistent with good faith conduct.[3] Therefore, the Court rejects this basis for dismissal of Plaintiff's age discrimination claim against the Department.

Defendants Lesher, Todd and S'Renco (the "Individual Defendants") assert the GTCA immunizes them from liability and suit for acts done within the scope of their employment. *See* Okla. Stat. tit. 51, § 153(B), (C). They contend Plaintiff's tort claims of interference with her employment relationship and a prospective economic advantage are based solely on their alleged role in terminating Plaintiff's employment with the

---

[3] Plaintiff argues in her response brief that OADA claims are not tort claims to which the GTCA applies at all, citing *Bruehl v. Okla. Indigent Defense Sys.*, No. CIV-13-1247-HE, 2014 WL 2879744 (W.D. Okla. June 24, 2014). The Department did not move to dismiss on this basis, and thus the Court declines to address the issue, particularly in light of recent amendments extending the GTCA beyond tort claims. *See* Okla. Stat. tit. 51, § 152(14).

Department and, thus, conduct that necessarily occurred within the scope of their job duties. As discussed *infra*, however, a tortious interference claim can only be brought against the Individual Defendants if they were <u>not</u> acting as agents of the Department. Thus, if Plaintiff's pleading sufficiently states the type of tort claim asserted, a suit against the Individual Defendants outside of the protection of the GTCA is available. *See id.* § 153(C) (employee "may be named as defendant under alternative allegations that such person did not act within the scope of employment").

## B.     Race Discrimination Claims

Plaintiff asserts claims of race discrimination against the Department under Title VII and against the Individual Defendants under § 1981 based on the same factual allegations. Defendants contend Plaintiff's allegations are insufficient to state a claim on which relief can be granted under Title VII or § 1981.[4] Under the circumstances, the elements required to prove a claim under Title VII and § 1981 are the same. *See Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011); *Carey v. City of Denver*, 534 F. 3d 1269, 1273 (10th Cir. 2008).

---

[4] The Individual Defendants also frame the issue as whether Plaintiff's allegations are sufficient to overcome their qualified immunity from suit under federal law. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). There is no question that Plaintiff's right not be discharged from employment based on her race was clearly established. *See Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1244 (10th Cir. 2000). The real question is whether Plaintiff's factual allegations show a violation of this right.

The Tenth Circuit has stated regarding Title VII claims that "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). A plaintiff establishes a *prima facie* case of race discrimination in a termination of employment "by showing that: (1) she belongs to a protected class; (2) she was qualified for her job; (3) despite her qualifications, she was discharged; and (4) the job was not eliminated after her discharge." *Perry v. Woodward*, 199 F.3d 1126, 1138 (10th Cir. 1999); *see Kendrick v. Penske Transp. Servs., Inc*., 220 F.3d 1220, 1229 (10th Cir. 2000). However, "the fourth element of a prima facie case is a flexible one that can be satisfied differently in varying scenarios." *Plotke v. White*, 405 F.3d 1092, 1100 (10th Cir. 2005) "'The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination.'" *Id*. (quoting *Kendrick*, 220 F.3d at 1227) (internal quotation omitted); *see Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 & n.8 (10th Cir. 2007).

Upon careful consideration of Plaintiff's pleading, the Court finds that it contains sufficient factual allegations, although barely, to state a plausible race discrimination claim against all Defendants. The allegations of Plaintiff's pleading, which are accepted as true, state facts to show that each of the Individual Defendants participated in the decision to terminate Plaintiff's employment with the Department. Plaintiff also alleges facts from

which to infer that the decision was motivated by racial animus toward Native Americans. Plaintiff's pleading "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" as required by Rule 8(a).  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Khalik*, 671 F.3d at 1193. Therefore, the Court finds that Plaintiff states a plausible claim that Defendants discriminated against her based on her Native American race.

## C.      Age Discrimination Claim

The Department also challenges the sufficiency of Plaintiff's pleading to state a plausible claim that the termination of her employment was based on her age of more than 40 years.  The Department argues that Plaintiff's allegations show a number of its employees were Plaintiff's age or older and thus she fails to suggest a discriminatory animus toward older workers existed.  This argument overlooks factual allegations regarding Mr. Lesher's age-related statements and hiring of younger workers and allegations that Ms. Todd treated younger employees more favorably than older workers. Again, the Court finds that Plaintiff's factual allegations are minimally sufficient to state a plausible age discrimination claim against the Department.

## D.      Tortious Interference Claims

The Individual Defendants seeks the dismissal of Plaintiff's claims for tortious interference with her employment relationship with the Department and a prospective economic advantage from such employment based on a common proposition:   "[A]n agent of a principal cannot be held liable for interfering with a contract between the principal and

a third party." *Martin v. Johnson*, 975 P.2d 889, 896 (Okla. 1998). *See* Defs.' Mot. Summ. J. [Doc. No. 6] at 11. The Individual Defendants also rely on cases holding that supervisors cannot be held liable for disciplining or terminating an employee where "they were 'acting in a representative capacity for Plaintiff's employer.'" *See id*. at 13 (quoting *Batton v. Mashburn*, No. CIV-14-651-R, 2015 WL 2240981, *5 (W.D. Okla. May 12, 2015)).

Plaintiff does not disagree with these general propositions but, instead, argues that an officer or manager of an employer can be held liable for tortiously interfering with an employee's relationship with the employer if he "acts in bad faith and contrary to the interests of the employer." *See* Pl.'s Resp. Br. [Doc. No. 17] at 13-14, 17 (citing *Martin*, 975 P.2d at 896). Plaintiff cites prior decisions of this Court holding that such a claim is theoretically possible, although not stated in the pleadings under consideration in those cases. *See Janzen v. Watonga Hosp. Trust Auth.*, No. CIV-11-70-D, 2011 WL 5415329, (W.D. Okla. Nov. 8, 2011); *Wright v. KIPP Reach Acad. Charter Sch.*, No. CIV-10-989-D, 2011 WL 1752248 (W.D. Okla. May 6, 2011). Plaintiff contends she has alleged sufficient circumstances here because her pleading shows "the Individual Defendants acted with ill-motive." *Id*. at 14 (citing Pet. [Doc. No. 1-2], ¶¶ 12-20, 35).

Upon examination of Plaintiff's pleading, the Court finds only conclusory allegations of the elements of the asserted causes of action and allegations that the Individual Defendants' actions were "malicious" and without "justification, excuse or privilege." *See* Pet. [Doc. No. 1-2], ¶ 35. Here, as in prior cases cited by Plaintiff, the

Court finds that Plaintiff has failed to present sufficient factual allegations to show that the Individual Defendants were acting in bad faith and outside the scope of their employment with the Department in deciding to terminate Plaintiff's employment. Accordingly, the Court finds that Plaintiff's pleading fails to state a plausible claim of tortious interference with contractual relations or prospective business advantage. Plaintiff will have an opportunity to amend her pleading to cure this deficiency within the time period to be set by the Court's scheduling order.

## Conclusion

For these reasons, the Court finds that Plaintiff has sufficiently stated claims of race and age discrimination but that her pleading fails to state plausible tort claims. Plaintiff's claims against Defendants Lesher, S'Renco and Todd of tortious interference with a contractual or employment relationship and interference with prospective economic advantage (Counts IV and V) are dismissed without prejudice to a future amendment.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 6 & 7] are GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 19th day of May, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE